**JIANYI LU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3024–ag.**

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

Jianyi Lu, New York, NY, Pro Se, Petitioner.

Gregory G. Katsas, Acting Assistant, Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Yamileth G. Handuber, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Jianyi Lu, a native and citizen of the People's Republic of China, seeks review of a June 19, 2007 order of the BIA, affirming the March 8, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianyi Lu,* No. A97 356 432 (B.I.A. Jun. 19, 2007), *aff'g* No. A97 356 432 (Immig. Ct. N.Y. City, Mar. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We find that the IJ's adverse credibility determination is supported by substantial evidence. In making his adverse credibility determination, the IJ relied on inconsistencies in the record and implausibilities in Lu's testimony. Specifically, the IJ found that while Lu testified that Chinese officials accused him of being Christian and detained him because of his religion, he claimed in his asylum application that he was detained because he protested his employer's failure to pay him. In a pre-REAL ID Act case, to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales,* 331 F.3d at 308–09. *But see Lin v. Mukasey,* 534 F.3d 162 (2d Cir.2008) (holding that the REAL ID Act of 2005 abrogated this Court's holding in *Secaida–Rosales).* Here, this inconsistency is substantial because the reason for Lu's detention goes to the heart of his claim, and an inconsistency about this matter casts doubt on whether he was detained at all. *See Secaida–Rosales,* 331 F.3d at 308–09.

The IJ also noted that parts of Lu's testimony were implausible. We have held that while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). We recently held that "when an adverse credibility finding is based partly or entirely on implausibility, [the Court will] review the entire record, not whether each unusual implausible feature of the account can be explained or rationalized." *Ying Li v. Bureau of Citizenship and Immigration Services,* 529 F.3d 79, 82 (2d Cir.2008). Here, the IJ found implausible Lu's claim that he worked as an unpaid volunteer from October 2001 until January 2003. The IJ found his explanation that he would eventually be paid by his employer to be "patently ridiculous." In considering this testimony in "light of common sense and ordinary experience," the IJ did not err in finding this testimony implausible. *Siewe,* 480 F.3d at 168–69; *Wensheng Yan v. Mukasey,* 509 F.3d 63 (2d Cir.2007). Further, the IJ found implausible that Lu would go to such lengths to practice Christianity in China, flee to the United States because of religious persecution, and then decide not to attend church because he was too busy with work. Indeed, considering the great lengths that Lu claimed to have gone to in order to teach the Gospel in the face of persecution by Chinese authorities, it was also proper for the IJ to find this testimony implausible. *See Ying Li,* 529 F.3d at 82. Accordingly, the IJ's decision to deny Lu's application for asylum was supported by substantial evidence. *Manzur,* 494 F.3d at 289. Further, because the adverse credibility determination is dispositive of Lu's asylum claim, we decline to review the BIA's nexus finding.

Finally, inasmuch as Lu based his claim for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ found that this claim lacked credibility, his withholding of removal and CAT claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).